UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
MAR 27 2 35 PM '01
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| MANUEL BARROQUEIRO, Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 00-11547 (PBS) |
| C & V FISHING CORP., MARITIME REALTY, INC., d/b/a MARITIME REALTY TRUST, and WHALING CITY SEAFOOD DISPLAY AUCTION, INC., Defendants. | : | |

**ANSWER AND CROSS-CLAIM OF WHALING CITY SEAFOOD DISPLAY AUCTION, INC.**

NOW COMES defendant, Whaling City Seafood Display Auction, Inc.(hereinafter referred to as "Whaling City"), by its attorney, and for its answer to the amended complaint of plaintiff, Manuel Barroqueiro, states, upon information and belief, as follows:

Count I

1. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph First of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

2. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Second of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

3. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Third of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

DOCKETED

17

4. Defendant Whaling City admits the allegations contained in Paragraph Fourth of Count I of Plaintiff's Amended Complaint, except to deny that it has a place of business at 16 Hassey Street, New Bedford, Massachusetts.

5. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifth of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

6. Defendant Whaling City denies the allegation that plaintiff was in the exercise of due care as contained in Paragraph Sixth of Count I of Plaintiff's Amended Complaint. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixth of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

7. To the extent that a response is required of this defendant, Whaling City denies that plaintiff was in the exercise as contained in Paragraph Seventh of Count I of Plaintiff's Amended Complaint. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventh of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

8. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighth of Count I of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

9. No response is required of this defendant with regard to Paragraph Ninth of Count I of Plaintiff's Amended Complaint.

## Count II

10. Defendant Whaling City repeats and realleges each admission, denial, and denial of knowledge or information contained in Paragraphs First through Sixth of Count I inclusive of this answer with the same force and effect as if set forth at length herein.

11. Defendant Whaling City denies the allegation that plaintiff was in the exercise of due care as contained in Paragraph Second of Count II of Plaintiff's Amended Complaint. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Second of Count II of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

12. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Third of Count II of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

13. No response is required of this defendant with regard to Paragraph Fourth of Count II of Plaintiff's Amended Complaint.

## Count III

14. Defendant Whaling City repeats and realleges each admission, denial, and denial of knowledge or information contained in Paragraphs First through Sixth of Count I inclusive of this answer with the same force and effect as if set forth at length herein.

15. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Second of Count III of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

Count IV

16. Defendant Whaling City repeats and realleges each admission, denial, and denial of knowledge or information contained in Paragraphs First through Sixth of Count I inclusive of this answer with the same force and effect as if set forth at length herein.

17. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Second of Count IV of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

18. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Third of Count IV of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

19. Defendant Whaling City denies the allegation that plaintiff was in the exercise of due care as contained in Paragraph Fourth of Count IV of Plaintiff's Amended Complaint. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fourth of Count IV of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

20. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifth of Count IV of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

21. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixth of Count IV of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

22. No response is required of this defendant with regard to Paragraph Seventh of Count IV

of Plaintiff's Amended Complaint.

Count V

23. Defendant Whaling City repeats and realleges each admission, denial, and denial of knowledge or information contained in Paragraphs First through Sixth of Count I inclusive of this answer with the same force and effect as if set forth at length herein.

24. Defendant Whaling City denies the allegations contained in Paragraph Second of Count V of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

25. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Third of Count V of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

26. Defendant Whaling City denies the allegation that plaintiff was in the exercise of due care as contained in Paragraph Fourth of Count I of Plaintiff's Amended Complaint. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fourth of Count V of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

27. Defendant Whaling City denies the allegations contained in Paragraph Fifth of Count V of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

28. Defendant Whaling City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixth of Count V of Plaintiff's Amended Complaint, and therefore calls upon plaintiff to prove same.

29. No response is required of this defendant with regard to Paragraph Seventh of Count V of Plaintiff's Amended Complaint.

## Affirmative Defenses

Defendant Whaling City incorporates the following affirmative defenses into each and every paragraph contained in this Answer:

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, the amended complaint fails to state a claim upon which relief can be granted.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if plaintiff sustained any injuries, which is specifically denied, then said injuries were caused solely as the result of his own negligence and inattention , and not by any actions or omissions on the part of Whaling City or those for whom this defendant is responsible, and therefore, the amended complaint should be dismissed, or in the alternative, any right of recovery in favor of plaintiff should be reduced by his own comparative negligence.

AND FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, if plaintiff sustained any injuries, which is specifically denied, said injuries were caused or contributed by the acts or omissions of third parties for whom defendant Whaling City is not legally responsible.

## Cross-Claim Against C & V Fishing Corp.

Defendant Whaling City makes this cross-claim against defendant, C & V Fishing Corp., and alleges as follows:

1. Defendant Whaling City repeats and realleges each admission, denial, and denial of knowledge or information contained in this answer with the same force and effect as if set forth at length herein.

2. Defendant Whaling City is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 62 Hassey Street, New Bedford, Massachusetts 02740. At all times material hereto, Whaling City operated a seafood display auction at 16 Hassey Street in New Bedford, Massachusetts.

3. Defendant, C & V Fishing Corp. (hereinafter referred to as "C & V"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 84 Front Street, New Bedford, Massachusetts 02740. At all times material hereto, defendant C & V owned, operated, managed, and controlled that certain commercial fishing vessel known as ILHA DO CORVO.

4. At all times material hereto, plaintiff was in the employ of defendant C & V as a member of the crew of said vessel.

5. On or about May 2, 1999, while the aforesaid vessel was in the navigable waters in the Port of New Bedford, and berthed at a dock owned by defendant Maritime Realty, Inc., plaintiff, in the course of his employment, was assisting in the discharge of the vessel's cargo of fish.

6. Plaintiff's injuries were not caused by the negligence of defendant Whaling City or anyone for whom it is responsible, but were caused by the negligence of defendant C & V, its employees and agents, and/or by the unseaworthiness of the vessel.

7. By reason of the foregoing, if any liability should be adjudged and imposed upon defendant Whaling City, then defendant Whaling City is entitled to full indemnity, or contribution, from defendant C & V, together with its costs, disbursements, and

reasonable attorneys' fees.

WHEREFORE, defendant, Whaling City Realty, Inc., respectfully prays that:

1. Judgment enter in its favor dismissing the amended complaint herein and awarding its costs and disbursements of this action;

2. In the alternative, judgment enter in its favor over and against defendant, C & V Fishing Corp., for full indemnity to the extent of any liability of defendant Whaling City to plaintiff, or for contribution, together with costs, disbursements and reasonable attorneys' fees; and

3. The Court grant such further relief as it deems just and proper.

Dated: March 27, 2001

Respectfully submitted,

WHALING CITY SEAFOOD
DISPLAY AUCTION, INC.
By its attorney,

Norman A. Peloquin, II (BBO No. 550872)
Flanagan & Hunter, P.C.
88 Black Falcon Avenue, Suite 274
Boston, MA 02210-2429
Tel. (617) 737-7121
Fax (617) 737-7124

Certificate of Service

I hereby certify that on the 27th day of March, 2001, I served a true copy of the foregoing document upon counsel of record by first class mail, postage prepaid, to: Paul L. Lees, Lees Law Office, 46 Middle Street, Gloucester, MA 01930; and Arthur P. Skarmeas, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108.

Attorney at Law